## Mills v. Casner.

Feb. 18, 1944.

Fox & Gordon for appellant.

Gordon, Gordon & Moore for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The sole issue in this case is whether the injuries received by appellant on December 13, 1941, while in the employ of the appellee partnership, totally and permanently disabled him. The Workmen's Compensation Board found on conflicting medical testimony that they did not, and awarded him total disability benefits for a period of nineteen weeks. The Circuit Court affirmed the award, and this appeal is from that judgment.

The visible injury consisted of a scalp wound which became infected, but healed perfectly. The symptons of the alleged subsequent disability were entirely subjective, indicating, according to appellant's physicians, a traumatic neurosis. The partnership's physicians, however, found nothing to indicate any injury to the nervous system. The Full Board, after granting an oral argument, set aside the Referee's finding of total and permanent disability, and appointed Dr. Frank Jelsma, a neurologic surgeon, to examine appellant and report to the Board, reciting in the order: "The medical testimony in this case is so conflicting that the Board feels the need of strictly impartial and disinterested medical testimony to aid us in our effort and our desire to arrive at a fair and just conclusion." Dr. Jelsma reported to the Board, and subsequently testified in a deposition that after an exhaustive examination of appellant he was unable to discover any evidence of an organic or physical disturbance involving the brain or the central nervous system, and that he considered "the condition of the patient complained of is one termed a functional disturbance, that is, one not due to organic agencies or to any physical impairment;" and further: "Organically, patient is physically able to work, that is, if he gradually works into the type of work that he is doing." Thereafter, the Full Board rendered an opinion in which, after reciting the appointment of Dr. Jelsma and the result of his examination of appellant, it stated: "It is therefore obvious that the weight of the medical testimony supports the contention of the defendant, i. e., that plaintiff does not now suffer disability in any degree as the result of the injuries complained of."

KRS 342.285 provides that the finding of the Board shall be conclusive and binding as to all questions of fact; and that no new or additional evidence may be

introduced in the Circuit Court, except as to the fraud or mistake of some person engaged in the administration of the act and affecting the Board's finding. In innumerable decisions we have held that in the absence of fraud, the Board's finding of fact is conclusive when supported by competent evidence of probative value. It is difficult to conceive of a case more completely governed by this rule than the case under consideration; and it is obvious that the Circuit Court had no alternative but to affirm the Board's award.

Judgment affirmed.