## PAUL v. ALLENDER BROWN CO. et al.

Court of Appeals of Kentucky.

May 23, 1952.

R. E. Lee Murphy, Lexington, for appellant.

Leer Buckley and I. J. Miller, Lexington, for appellees.

STEWART, Justice.

This case requires us to review the validity of an order sustaining a special demurrer to the petition in an appeal of Joe Paul from the Workmen's Compensation Board to the Fayette Circuit Court for the reason that the appeal was not taken in time. Joe Paul has appealed from the judgment dismissing his petition after he declined to plead further.

The facts are that on September 5, 1950, appellant filed a motion before the Board, pursuant to KRS 342.125, to reopen an award previously made to him, alleging change of condition on his part and fraud and mistake upon the part of appellees. An order overruling this motion was entered by the Board on September 19, 1950. On October 9, 1950, appellant filed a motion seeking to have the Board reconsider and set aside its order of September 19th. The last motion was ordered overruled by the Board on October 17, 1950. An appeal was prosecuted by appellant on October 26, 1950, from the Board to circuit court with the result that the case was dismissed because the lower court adjudged it was not filed before it within the 20-day period of time required by KRS 342.285(1).

The question to be decided is: Should the 20-day period of time be calculated from September 19th or from October 17th?

So much of KRS 342.285(1) as applies to this case is as follows:

"* * * An award or order of the board upon review * * *, shall be conclusive and binding as to all questions of fact, but either party may, within twenty days after the rendition of such final award or order of the board, by petition appeal to the circuit court that would have jurisdiction to try an action for damages for the injuries if this chapter did not exist, for the review of such order or award, the board and the adverse party being made respondents."

It cannot be doubted that the order of the Board on September 19th overruling appellant's motion to reopen his claim was a final disposition of his case. In interpreting KRS 342.285(1), we have held that when the Board enters a final order it is conclusive and binding and any attempt by it to change or modify the order is void and of no effect. The aggrieved

party's remedy is by an appeal to the circuit court within 20 days thereafter. See Washington v. Clover Fork Coal Co., 269 Ky. 604, 108 S.W.2d 502. Therefore, since more than 20 days had elapsed between September 19th, the date of the final order, and October 26th, the date the appeal was filed in circuit court, it follows that the appeal was barred by limitation.

Wherefore, the judgment is affirmed.