NATIONAL STORES, INC., and Workmen's
Compensation Board, Appellants,

v.

Nancy Katherine HESTER, Appellee.

Court of Appeals of Kentucky.

June 11, 1965.

Rehearing Denied Oct. 1, 1965.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, Robert Matthews, Atty. Gen., Frankfort, for appellants.

J. Wood Vance, Jr., Glasgow, for appellee.

WADDILL, Commissioner.

In a proceeding instituted by appellee, Nancy Katherine Hester, to recover benefits provided by our Workmen's Compensation Act against her employer-appellant, National Stores, Inc., the Workmen's Compensation Board found that appellee's disability resulted from a condition medically described as tenosynovitis and was not compensable as it did not result from a traumatic personal injury sustained by accident as required by KRS 342.005(1). On appeal (KRS 342.285) the circuit court held that the Board acted erroneously as a matter of law in finding that appellee's injury did not arise out of and in the course of her employment and remanded the case to the Board with directions to enter an award of total disability as set forth in KRS 342.095, with interest on past due installments of compensation and directed medical allowances provided by KRS 342.020.

Appellant now contends for reversal of the judgment that: (1) The finding of the Board is binding on the circuit court and (2) appellee's disability is not compensable because tenosynovitis is neither an occupational disease under KRS 342.316 nor is it caused by a traumatic personal injury sustained by accident as required by KRS 342.005.

Appellee, approximately 50 years of age, was employed by appellant in a capacity

which required her to constantly operate a calculating machine. During April, 1963, she consulted her physician concerning a painful condition in her right hand which prevented her from performing her duties for appellant. This condition was diagnosed as tenosynovitis which is defined as inflammation of the sheath or membrane which surrounds a tendon.

The medical testimony established that the complained of condition was caused by appellee's continuous use of her right hand in operating a calculating machine. One physician explained the development of tenosynovitis thusly:

> "This is an attritional type of lesion, and is found after repeated movement of a tendon doing an unaccustomed type of motion. The muscular effort of a certain task may produce the fatigue phenomenon in a tissue which cannot functionally adapt itself. This condition occurs frequently in women of middle age. Typewriting, piano playing, writing, washing, wringing out clothes, cutting cloth with heavy scissors are tasks which furnish a cause necessary for the production of this lesion."

He also stated that this condition is not limited to any particular segment of the population or industry. Another physician testified that appellee's condition was caused generally by overwork during Easter, 1963 and was specifically· attributable to the repetitious use of the right thumb and wrist in operating a calculating machine during her employment with appellant.

By the 1956-Amendment to our Workmen's Compensation Act KRS 342.316 was changed to provide in part:

> "(1) 'Occupational disease' as used in this chapter means a disease arising out of and in the course of the employment. Ordinary diseases of life to which the general public is equally exposed outside of the employment shall not be compensable, except where

such diseases follow as an incident of an occupational disease as defined in this section."

The Board found pursuant to uncontradicted medical testimony that appellee's condition of tenosynovitis was solely caused by performing the usual work incident to her employment with appellant. The appellant, while conceding that the 1956-Amendment enlarged the compensation coverage to include additional occupational diseases, argues that appellee's condition is not compensable as an occupational disease under the above provision because it is an ordinary disease to which the general public is equally exposed.

Appellant would have us interpret this provision to make compensable only those diseases which arise out of the occupational environment and which a member of the public could not contract outside such an environment. There is probably no movement of the human body required in the performance of a job which cannot be duplicated in the discharge of household chores or in the pursuit of recreation and yet any of these might produce a disease such as we have here. Similarly there are few, if any, compensable diseases induced by germs or inhalation of impurities which could not at some time be contracted by a member of the general public. To accept appellant's interpretation would give the 1956-Amendment a narrow, if not nugatory, effect contrary to the provision of KRS 342.004.

According to acceptable authority the question of whether a disease is occupational must be decided on the peculiar characteristics of each employment and the effect it has on the individual involved. See Professor Larson's discussion in 1 Larson Workmen's Compensation, Section 39.10 as supplemented and the cases considered therein.

Whether or not a condition is compensable as being an occupational dis-

ease under KRS 342.316 depends upon whether the compensation claimant has established that hazards of his employment increased his exposure to the disease he has contracted. We have concluded that in the instant case the evidence establishes that appellee has a compensable disability from an occupational disease within the provisions of our Workmen's Compensation Act and is entitled to an award of compensation benefits. In Benware v. Leo F. Benware Creamery, 22 A.D.2d 968, 254 N.Y.S.2d 466 (1964) the Supreme Court of New York held that the test of determining whether a disease is an occupational one is not whether the disease is literally peculiar to the occupation but whether there exists a recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort.

While it will probably be contended that the rule here applied will render employers liable for all the wear and tear on a human body caused by the work itself and open the door to recovery for every condition or disease that might be caused or adversely affected by the employment, such a contention is not within the purview of the instant case.

We observe that in 1937, this Court in Turner, Day & Woolworth Handle Co. v. Morris, 267 Ky. 217, 101 S.W.2d 921, affirmed an award of the Board granting compensation benefits to a workman who contracted tenosynovitis arising out of and in the course of his employment. Liability was predicated upon the finding that the compensation claimant sustained a compensable disability under the provisions of KRS 342.005(1).

 Appellant's other contention that the court exceeded its authority in failing to uphold the order of the Board dismissing appellee's claim is without merit since this Court has uniformly held that in cases of this character the only question presented is one of law which permits review by the courts concerning whether the Board has properly applied the law to the facts.

The judgment insofar as it remands the case to the Board for the entry of an appropriate award of compensation benefits is affirmed.