Ray **DAUGHERTY** and Carl **Billiter**, d/b/a
D and B Coal Company, Appellants,

v.

Hudson **WATTS** and the Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Sept. 29, 1967.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellants.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellees.

CULLEN, Commissioner.

The appeal is from a judgment upholding an order of the Workmen's Compensation Board which reopened a previous agreed award under which the appellee Hudson Watts had been given compensation on the basis that 57.2 percent of his disability (total) was due to silicosis, and substituted a new award giving him compensation on the basis of 100 percent disability from silicosis.

The original agreed award was made in May 1962 in proceedings initiated in April 1961 by the filing of a claim by Watts seeking an award for total permanent disability from silicosis. All the doctors who then had examined Watts agreed that he was totally disabled, some attributing it to silicosis but others saying that they found no evidence of silicosis and that the disability was due to other (noncompensable) causes.

The motion by Watts to reopen was filed in February 1966. At the hearing on the motion two of the doctors who had examined Watts in 1961 for his employer and who had testified then that they found no evidence of silicosis, testified that upon reexamining Watts in 1965 they found positive and definite evidence of silicosis; that the disease is a progressive one, and that the scarring of the lungs in the form of nodular fibrosis had progressed or continued in Watts' body since 1961 so as to become clearly visible on X-rays in 1965. Watts had not worked, and therefore had not been exposed to the hazards of silicosis, since 1961, so his silicotic condition in 1965 clearly was attributable to development of a condition of early stage silicosis that was present in his body but not clearly discernible in 1961. The two doctors testified that Watts' present silicotic condition is of totally disabling character.

The board ruled that there was a *change of condition* warranting the reopening of the former award and the granting of compensation for total permanent disability. The appellant argues that since, admittedly, Watts was totally disabled in 1961 (only a part of which was agreed then to be due to silicosis), any change in the *causes* of his disability is not of any significance. In other words, the appellant argues that the only change of condition that will authorize a reopening is a change in the *extent of disability,* not in the *cause.* In substance, this amounts to an argument that if an employe is disabled simultaneously by two causes, one compensable and the other not, he should receive no compensation.

The appellant cites no authority for its argument and we think the argument is not sound. We do not believe that our workmen's compensation law contemplates that any disability an employe sustains in the course of and arising out of his employment shall be cancelled out, for compensation purposes, by disability from another cause. There seems to be little authority on the question but it is that if a workman has suffered a compensable injury he will not be deprived of compensation merely because of the existence of an independent, concurrent cause of disability. See 58 Am.Jur., Workmen's Compensation, sec. 338, p. 810.

If, as the medical testimony showed, Watts has a silicotic condition, attributable to his employment, that alone would totally disable him, we think it is immaterial that he may suffer from other ailments which, too, would alone disable him. Accordingly, we think that the development or advancement of Watts' silicotic condition, from a 57 percent disability factor to a 100 percent one, was a change of condition authorizing a reopening of the former award.

The appellant suggests that in any event there should be an *apportionment* of the disability between the compensable cause and the noncompensable one, and that the award of compensation should be in accordance with the apportionment. This is simply an argument that if the independent, noncompensable disabling cause will not completely cancel out an equal compensable cause, it at least should cancel it out half way. As hereinbefore indicated, it is our opinion that it is not within the intent of the workmen's compensation statutes that an independent, noncompensable disabling cause shall in any way *reduce* the force and effect of a compensable disabling cause.

Appellee Watts did not file a cross-appeal but he suggests that the Workmen's Compensation Board committed a "clerical" error in directing that the compensation under the new award should run for a period of weeks beginning as of the

date of the new award, rather than as of the date he quit work. The board's order in this respect clearly was intentional, based on the finding of a *change of condition*. Appellee is arguing in effect that this is a case of a *mistake*—that in truth Watts was totally disabled from silicosis back when the original award was made. We think the case properly was treated as one of change of condition—that in silicosis cases if an award has been denied or an award has been limited as for partial disability, because of lack of clear proof of the existence or extent of a silicotic condition, and there is later an advancement or progression of the disease in the claimant's body so as to make clear its disabling existence and effect, the case is truly one of change of condition and not one of mistake. Cf. Turner Elkhorn Mining Co. v. O'Bryan, Ky., 414 S.W.2d 410; Messer v. Drees, Ky., 382 S.W.2d 209.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.