**BETH–ELKHORN CORPORATION,**
**Appellant,**

**v.**

**Clarence E. DOTSON et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1968.

As Modified on Denial of Rehearing
May 24, 1968.

Harry C. Campbell, Pikeville, for appellant.

H. B. Noble, C. A. Noble, Jr., of Noble, Noble & Noble, Hazard, for appellees.

DAVIS, Commissioner.

Clarence Dotson obtained an award for workmen's compensation based upon the Board's finding that he is totally and permanently disabled as the result of silicosis contracted in the course of his employment as a coal miner. The entire recovery was awarded against the Special Fund, except for medical, surgical, and hospital expense which is directed to be paid by the employer. The circuit court affirmed the award, and the employer appeals. The Special Fund is an appellee. It has filed no cross appeal but has contented itself with filing a brief memorandum adopting the arguments advanced in behalf of the employer.

Dotson had worked in underground mining since 1921. His employment in the mines by the appellant company continued from 1956 until August 18, 1965, the last day on which he worked. It was shown that after he had finished working on

August 18, 1965, Dotson suffered a heart attack. It is the contention of the appellant that the present disability of Dotson is attributable solely to the heart attack. There was medical evidence reflecting that Dotson suffers third-stage pneumoconiosis and that he is totally and permanently disabled by reason of that ailment from working in the mines. A physician who had examined Dotson prior to August 18, 1965, gave testimony indicating lung involvement in Dotson's body before August 18, 1965. Pertinent portions of the doctor's testimony are quoted for better understanding of his evidence:

"Q. 25 And from your history would you say * * * what extent of disability does his lung condition alone contribute to his overall disability as to ever working again in the mines * * * if you know?

A. I'd say it is * * * he should not work again in the mines or in any dust.

Q. 26 When you are referring to dust you are referring to silica dust, aren't you?

A. Yes.

Q. 27 And what * * * would you say that he was disabled from his lung condition alone from about August 18, 1965, the day he last worked in the mines?

A. I would have considered him disabled even before that.

Q. 28 Now doctor, back to a basic question here * * * what percent of his disability from ever working in the mines again would you contribute to his pneumoconiosis?

A. Well, you cannot assign * * * or I cannot assign * * * a percentage of disability. As far as I'm concerned he is totally disabled to work in the mines by reason of silicosis. He is also totally disabled to work, period, for his coronary artery disease.

Q. 29 And can you say, as a medical question and from having treated this plaintiff, which one came first?

A. Well, we have evidence of the lung disease being present before we have evidence of his coronary problems developing.

Q. 30 And is this lung condition one such that is progressive in an individual? Does it take a certain period of time or not?

A. It is progressive, yes."

It is to be noted that Dotson did not notify his employer of his claimed silicosis until February 3, 1966, and filed his application for compensation based on his silicosis on April 12, 1966. No contention is made that the notice was untimely. The gist of the appellant's position is thus related in its brief:

"This appeal is based on the employer's contention that the employee's disability is due to a heart attack which occurred on August 18, 1965 rather than to the alleged silicosis as the employee worked regularly up to the date of the attack and has not worked since."

The appellant points to Bethlehem Mines Corp. v. Davis, Ky., 368 S.W.2d 176, and cases following that decision including Stephens Elkhorn Coal Co. v. Tibbs, Ky., 374 S.W.2d 504, and Brock v. International Harvester Co., Ky., 374 S.W.2d 507, for the proposition that Dotson was not disabled from silicosis on August 18, 1965, inasmuch as he was able that day to carry on his duties. The appellant seeks to distinguish the present case from Daugherty v. Watts, Ky., 419 S.W.2d 137, on the basis that Daugherty involved a "simultaneous" or "concurrent" noncompensable disability, whereas this case involved a pre-existing, noncompensable total disability. We think such a construction of the facts in the present case is unwarranted. The quoted

testimony, as well as other medical evidence in the record, warranted the Board's finding that Dotson did become totally disabled from silicosis as of August 18, 1965, even though the heart condition served to make him totally disabled as well. We adhere to the principle expressed in Daugherty v. Watts, Ky., 419 S.W.2d 137, where it was written:

"We do not believe that our workmen's compensation law contemplates that any disability an employe sustains in the course of and arising out of his employment shall be cancelled out, for compensation purposes, by disability from another cause." Id. 419 S.W.2d 138.

Appellant urges that Allen v. Commonwealth, Department of Highways, Ky., 425 S.W.2d 283, should rule this case and require an opposite result than we reach. We think the cited case is distinguishable from the one at hand for the reasons just recited.

■ Since the Board's award is supported by substantial evidence, it may not be disturbed. KRS 342.290.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.