John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

PHELPS COLLIERIES CO., Inc., etc., et al., Appellees.

Court of Appeals of Kentucky.

March 28, 1969.

Thomas R. Emerson, Martin Glazer, Department of Labor, Frankfort, for appellant.

William J. Baird, Edward R. Hays, Baird & Hays, Pikeville, for Phelps Collieries, Inc.

Kelsey E. Friend, Friend & Mullins, Pikeville, for Ezra Coleman.

J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for Workmen's Compensation Board.

REED, Judge.

This is a workmen's compensation case involving a coal miner's claim for occupational disease. The only issue is whether or not the Workmen's Compensation Board erred in not awarding compensation for total and permanent disability. The trial court held that the Board must allow total and permanent disability in this case. We affirm the trial court.

Ezra Coleman, a 62-year-old underground coal miner, worked in the mines for some 43 years. He stopped working in January 1967 because of shortness of breath and chest pains which he had been experiencing during the previous year. He filed a timely application for compensation under our Workmen's Compensation Act by reason of total and permanent disability caused by a silicotic condition.

The medical evidence in the case consisted of the testimony of four qualified physicians. All of them testified that Coleman had occupational pneumoconiosis (anthrasilicosis) in either the second or third stage of development. All of them testified that Coleman was unable to work in coal mining or any other industry where he would be exposed to dust, noxious gases or free silicon dioxide by reason of his occupational disease.

One of the physicians testified that Coleman's disease had caused him to lose about thirty-five percent of his pulmonary reserve. Two of the physicians testified that Coleman was also disabled by reason of a heart condition and high blood pressure. It is undisputed that Coleman's occupational classification is coal mining and this is the only work he has done for 43 years. It is also undisputed that he is no longer able to engage in coal mining.

The Workmen's Compensation Board recited in its opinion as follows:

" * * * that the only disability plaintiff suffers as a result of having the disease is his inability to secure employment in his regular occupation and the danger of his health if he should secure such employment and continue to work underground."

The Board awarded Coleman thirty-five percent permanent partial disability to be paid by the Special Fund. It ordered his last employer to pay reasonable medical expenses for care and treatment of the disease not to exceed $3,500.

Coleman appealed to Pike Circuit Court. The circuit court reversed that portion of the board's award allowing only *partial disability* and directed the board to enter an award against the Special Fund for *total and permanent disability*. That part of the award concerning medical expenses is not in question.

The Special Fund has appealed contending that the board had a right under the medical evidence to allow only partial disability. It appears to attach some significance to the fact that Coleman was also disabled from other noncompensable conditions. However, it cannot but admit that the medical evidence in this case is not only "clear and convincing;" it is "unanimous" in establishing that Coleman is totally and permanently disabled by reason of a compensable occupational disease. The board acted erroneously as a matter of law. Young v. Dale, Ky., (decided February 28, 1969).

The decision of the Board is in direct conflict with our decisions in Daugherty v. Watts, Ky., 419 S.W.2d 137 and Beth-Elkhorn Corporation v. Dotson, Ky., 428 S.W.2d 32. These cases clearly hold that an independent, noncompensable disabling cause shall not in any way reduce the force and effect of a compensable disabling cause. Both the cited cases involved silicosis claims.

The Board committed palpable error in not awarding Coleman compensation for total and permanent disability which the uncontradicted evidence and the clearly expressed law establish as the only decision proper in the case. We are at a complete loss to understand how the Board reached the decision it did in the face of the findings recited in its own opinion.

This appeal can be described by paraphrasing in part but retaining the substance of the description by a past great jurist of another appeal then under consideration:

"The only thing about the appeal we can commend is the hardihood in supposing that it could possibly succeed." (See United States v. Minneci, 2nd Cir., 142 F.2d 428, 429).

The judgment of the circuit court was correct and is affirmed.

All concur.