Wanda VOLK, Appellant,

v.

**RESTAURANT CONCESSIONAIRES, INC.**
**and Workmen's Compensation Board**
**of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

Harris J. Berman, Ralph G. Stone, Louisville, for appellant.

R. I. McIntosh, Louisville, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded compensation to Mrs. Wanda Volk based on a finding of 10 percent permanent partial disability. Mrs. Volk appealed to the circuit court, asserting that the evidence before the board was such as to require a finding of total disability or at least a greater percentage of partial disability, and that in any event the amount of the award was erroneous because of an error by the board in computing her average weekly earnings. The circuit court entered judgment affirming the board's order. Mrs. Volk has appealed to this court from that judgment.

Mrs. Volk, who had worked as a waitress for 25 years, was struck on the side of the head and neck by a dish which fell from a loaded tray being carried by a bus boy, in the restaurant where she was employed as a waitress. She claimed that she has since continually suffered pain, headaches, stiffness, tenderness, and dizziness. Her injury occurred in December 1968. After a period of hospitalization and treatment she returned to work on March 2, 1969, and continued to work until May 17, 1969, when she quit, complaining of pain and dizziness. She has not worked since that time.

One of the physicians who examined Mrs. Volk testified that he could find no orthopedic reason for the claimed pain, headaches and dizziness, and that he would not give her a disability rating because he could not find anything "objective." Another physician gave his opinion that Mrs. Volk had a *functional* disability of 10 percent. He indicated that on the basis of his examinations and the history given to him by Mrs. Volk, it would be very difficult for her to carry heavy trays and bend over and place objects and remove objects from tables. However, it appears that in this he was giving some weight to Mrs. Volk's subjective complaints. A psychiatrist testified that Mrs. Volk had a traumatic neurosis but he was unable to say whether or not the traumatic neurosis rendered her disabled to go back to work.

■ Mrs. Volk's counsel states in his brief that the medical testimony "supports" a finding that Mrs. Volk is totally disabled. We agree that the medical evidence is capable of supporting such a finding. However, the evidence does not, in our opinion, *require* such a finding, or a finding of any greater degree of disability than 10 percent. The claimed disability rests in large part on Mrs. Volk's subjective symptoms, for which the doctors could find little objective support. The psychiatrist would not say that the neurosis he found to exist was disabling. We cannot say that the evidence of disability was so strong that the board reasonably had to find a disability of more than 10 percent.

■ Mrs. Volk's counsel argues that since, during the 10-week period Mrs. Volk worked after the accident, she earned 21.4 percent less in wages and tips than she earned in a comparable period before the accident, a reduction of at least that percentage in her "earning capacity," within the meaning of Osborne v. Johnson, Ky., 432 S.W.2d 800, has been conclusively established, and that since she subsequently has earned nothing at all she has established a complete loss of her earning capacity. The argument is not valid, because it rests on the erroneous concept that actual loss of earnings is the equivalent of loss of earning capacity. It is true that the evidence showed a loss of actual earnings, but the evidence by no means established a loss of capacity to earn in the sense that the loss of earnings was directly attributable to a proven functional disability. Under the evidence in this case, the board reasonably could conclude that Mrs. Volk's actual loss of earnings was in main part attributable to some cause other than an accident-related disability. An actual

loss of wages may be evidence on the question of what would be the earning capacity of a person who has the physical disability *claimed* by the worker in question, but it is not proof that such physical disability does in fact exist.

It is our conclusion that the circuit court properly sustained the order of the board as to the extent of disability. We affirm the judgment in that respect.

The appellees concede that the board's computation of average weekly earnings was erroneous and they agree that the case should be remanded to the board with directions to correct the amounts in the award on the basis of a correct computation. To that extent we are reversing the judgment.

The judgment is reversed to the extent that it sustains the dollar amounts of the award of compensation, with directions that the case be remanded to the Workmen's Compensation Board for the entry of a corrected award based on a correct computation of average weekly earnings. In all other respects the judgment is affirmed.

All concur.