William Lee SNAWDER, Appellant,

v.

Harlan STICE and Larry D. Stice d/b/a Stice Brothers and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Jan. 12, 1979.*

* The decision of the panel was made prior to January 1, 1979, but the opinion was not rendered until this date.

J. Wood Vance and Thomas W. Davis, Vance & Davis, James E. Gillenwater, Glasgow, for appellant.

Robert W. Dickey, Bowling Green, for appellees.

Before HAYES, PARK and REYNOLDS, JJ.

PARK, Judge.

This is an appeal from a judgment of the Barren Circuit Court affirming a decision of the Workmen's Compensation Board which found that the employee-appellant, Snawder, had suffered no permanent occupational disability as a result of the work-related injury which was the subject of his claim. Two issues are raised by the appeal. First, did Snawder's failure to file a petition for reconsideration under KRS 342.281 limit the scope of judicial review? Second, was the board's decision to deny Snawder's claim for permanent disability benefits clearly erroneous? We affirm.

I

William L. Snawder was employed by Stice Brothers as a garbage collector when he was injured in a work-related accident on November 15, 1974. He had worked for Stice Brothers for four years at the time of the accident. His job consisted of picking up garbage, throwing it into a bin on the back of the truck, and operating the mechanism which pushed the garbage up into the truck bed. His wages were approximately $100 per week.

Snawder was loading the truck on November 15 when a portion of the mechanical apparatus attached to the rear of the truck struck his back temporarily paralyzing his arms and legs. He was taken to Caverna Hospital at Cave City, Kentucky, where he was examined but not admitted. After a period of convalescence, he returned to work on December 6, 1974, and continued to work until approximately May 28, 1976.

On May 7, 1976, Snawder was driving near Glasgow, Kentucky, when he lost control of his vehicle and was involved in a traffic accident. Although the evidence indicates that the automobile turned over several times, Snawder insists that he suffered no appreciable injury as a result of this accident. His testimony is buttressed by the testimony of State Trooper Anthony Clemons who was present at the scene of the accident and who testified that Snawder's only visible injury was a "skinned place on his forehead." Snawder was not admitted to any hospital for treatment as a result of any injury sustained in the accident, and he missed no work as a result of the accident.

On May 28, 1976, Snawder was sitting at home watching television when he became nauseated and began to feel a numbness over his body. He continues to experience numbness accompanied by periods of pain in his back and lower extremities. He states that he has been unable to lift or bend since that time and has not been able to return to work. He filed a claim with the Workman's Compensation Board on August 4, 1976, alleging that he has suffered disability as a result of his work-related accident on November 15, 1974.

The board heard the testimony of three physicians who had examined Snawder after his claim was filed. Dr. G. P. Peterson, Snawder's family physician and the treating physician for the 1974 injury, diagnosed his condition as a low back sprain of indefinite duration with a resulting functional disability rating of 15 to 20% to the back. Snawder was also referred to Dr. Armand Fischer of Louisville who diagnosed his condition as a back sprain and low grade disc lesion with a functional disability rating of 10% to the body as a whole. Dr. Fischer also testified that Snawder would no longer be able to do manual labor. Apparently,

both Drs. Peterson and Fischer attributed Snawder's present condition to his 1974 work-related injury. However, the evidence indicates that Snawder did not inform either doctor of his recent automobile accident, and there is no evidence that either physician ever considered the accident as a factor in reaching his diagnosis. Snawder was then examined by Dr. William G. Davis of Nashville, Tennessee. Dr. Davis confirmed that Snawder was suffering from a back condition which he diagnosed as spondylolisthesis, a congenital abnormality which occurs in approximately 5% of the American population. He assigned a disability rating of between 8–10% to the body as a whole for this condition. He testified that it was possible that the 1974 injury could have caused such a condition to flare up; however, he also testified that he felt it hard to relate Snawder's 1974 injury to something giving him trouble two years later.

The board found that Snawder suffered a work-related injury on November 15, 1974, which rendered him temporarily totally disabled until he returned to work on December 6, 1974. Snawder was awarded temporary total disability benefits for that period. The board found that Snawder suffered no occupational disability of appreciable proportion after December 6, 1974, as a result of the 1974 accident. The board also found that Snawder had committed perjury at the hearing by denying that he had ever been in an automobile accident.[1] Snawder appealed the decision to the circuit court which affirmed the order of the board, and

the matter is now properly before this court for our consideration.

## II

The first issue presented on appeal is whether the claimant's failure to file a petition for reconsideration under KRS 342.281 prior to the appeal to the circuit court served to cure all defects or deficiencies in the quality and quantity of proof supporting the board's findings of fact. Stice Brothers contends that KRS 342.285(1) sets forth a limited scope of judicial review of board findings of fact when the losing party fails to file a petition for reconsideration. KRS 342.285(1) provides:

An award or order of the board as provided in KRS 342.275, if petition for reconsideration is not filed as provided for in KRS 342.281, shall be conclusive and binding as to all questions of fact . . . .

Despite the fact that the language of KRS 342.285(1) has been preserved substantially intact since the original enactment of Kentucky's Workmen's Compensation Law in 1916,[2] the effect of a failure to file a petition for reconsideration upon the scope of judicial review has never been directly considered by any court in the Commonwealth. A literal reading of the statute might indicate that, in the absence of such a petition for reconsideration, the board's findings must be accepted without question by the court as "conclusive and binding." However, a close reading of the cases construing this subsection reveals that the

1. The incident relied upon by the board for its finding arose out of an exchange at the hearing between the counsel for Stice Bros. and the claimant Snawder:
   Q. 158 Ever been involved in an automobile accident where you were hurt?
   A. No.
2. The forerunner of KRS 342.285(1) was originally enacted in Kentucky Acts 1916, c. 33, p. 354, the relevant portions of which are set out as follows:
   § 51 If an application for review is made to the board within seven days from the date of the award, the full board, if the first hearing was not held before the full board, shall review the evidence, or if deemed advisable, as

soon as practicable, hear the parties at issue, their representatives and witnesses and shall make and award and file the same in like manner as specified in the foregoing section. . . .
§ 52 An award, or order of the board, as provided in Section 50, if application for review be not filed as therein provided, or an award or order of the board upon review as provided in Section 51, shall be *conclusive*, and *binding* as to all *questions of fact*, but either party may, within twenty days after the rendition of such *final* order or award of the board may by petition appeal to the circuit court . . . .. (emphasis added).

proper scope of judicial review of the board's findings of fact is found in KRS 342.285(3)(d), and any interpretation of the language of subsection (1) of that statute must be read in light of subsection (3).[3]

Although no court has specifically ruled on the issue of the effect of a failure to file a petition for reconsideration upon the permissible scope of judicial review, a number of decisions of the courts have interpreted the terms "conclusive and binding" found in subsection (1) of KRS 342.285. In a long line of cases dating from the earliest interpretations of the original act, the courts have interpreted "conclusive and binding" as providing for the same scope of judicial review as presently found in subsection (3) of the KRS 342.285. In *Wells Elkhorn Coal Co. v. Vanhoose*, 220 Ky. 381, 295 S.W. 464, 465 (1927), the court held that "where there is substantial evidence before the board tending to establish the fact which it finds to be a fact, and there is no misapplication of the law to the facts, then the finding of fact by the board is conclusive upon the courts." In *Coleman Mining Co. v. Wicks*, 213 Ky. 134, 280 S.W. 936 (1926), the court stated the principle "that if there is any evidence to support the findings of the Compensation Board, such findings, in the absence of a claim of fraud or mistake, are conclusive and binding . . . ." *See also Kingston-Pocahontas Coal Co. v. Maynard*, 209 Ky. 431, 273 S.W. 34 (1925); *Furnace Coal Mining Co. v. Carroll*, 212 Ky. 1, 278 S.W. 171 (1926); *Mills v. Casner*, 296 Ky. 678, 178 S.W.2d 196 (1944); *Maynard v. Pond Creek Collieries Co.*, 299 Ky. 157, 184 S.W.2d 991 (1945); *Columbus Mining Co. v. Childers*, Ky., 265 S.W.2d 443 (1954); *Wells v. Kentucky Appalachian Indus., Inc.*, Ky., 467 S.W.2d 365 (1971).

▇▇ In the face of such a longstanding construction of the statutory language in question, we are not prepared to impose a new interpretation which would be at odds with the case law and with the customary interpretation adopted by the board itself. If the language is to be given any special meaning, the phrase "conclusive and binding" should be construed as meaning "final." Thus, a proper reading of KRS 342.285(1) would be that a decision of the board is "final" unless a petition for reconsideration is filed destroying its finality or unless one of the parties appeals the decision to the circuit court. *See Paul v. Allender Brown Co.*, Ky., 249 S.W.2d 163 (1952). The decision of the board in this case is subject to judicial review under subsection (3) of KRS 342.285 even though Snawder filed no petition for reconsideration under subsection (1).

### III

The second issue presented by this case is whether the decision of the Workmen's Compensation Board that Snawder suffered no permanent occupational disability of appreciable proportions as a result of the November 15, 1974 accident is "clearly erroneous" on the basis of the probative evidence in the record.

▇▇ The claimant in a workman's compensation case has the burden of proof and the risk of persuading the board in his favor. *Tackett v. Sizemore Mining Co.*, Ky., 560 S.W.2d 17 (1977); *Caudill v. Maloney's Discount Stores*, Ky., 560 S.W.2d 15 (1977); *Hudson v. Owens*, Ky., 439 S.W.2d 565 (1969); *Lee v. International Harvester Co.*, Ky., 373 S.W.2d 418 (1963); *Columbus Mining Co. v. Childers*, Ky., 265 S.W.2d 443 (1954). There is a vast difference between what the board is free to do and what it can be forced to do under a given state of evidence. *Cavin v. Lake Const. Co.*, Ky., 451 S.W.2d 159 (1970). There are some cases in which no evidence whatever is required in "support" of a negative finding, and among them are those in which the claimant's evidence would justify a favor-

---

**3.** Subsection (3) of KRS 342.285 states:

The court shall not substitute its judgment for that of the board as to the weight of evidence on questions of fact, its review being limited to determining whether or not:

. . . (d) The order, decision, or award is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record . . . .

able finding but would not require one as a matter of law. *Lee v. International Harvester Co., supra,* 373 S.W.2d at 420. If the board finds against a claimant who had the burden of proof and the risk of persuasion, the court upon review is confined to determining whether or not the total evidence was so strong as to compel a finding in claimant's favor. *Hudson v. Owens, supra* 439 S.W.2d at 570; *see also Inland Steel Co. v. Johnson,* Ky., 439 S.W.2d 562 (1969); *Kentland Elkhorn Coal Co. v. Johnson,* Ky. App., 549 S.W.2d 308 (1977).

▮ The evidence in this case is not unanimous nor so "clear and convincing" as to render the decision of the board erroneous as a matter of law. *See Young v. Phelps Collieries,* Ky., 439 S.W.2d 77 (1969). The doctors' testimony on the issue of causation was far from unanimous and hardly conclusive. Although Dr. Peterson and Dr. Fischer apparently attributed Snawder's present condition to the 1974 injury, Dr. William Davis specifically stated that he found it difficult to believe that the 1974 injury could have triggered the episode at Snawder's home more than two years later.

▮ Where there is conflicting medical testimony, the board has the right to believe part of the evidence and disbelieve other parts of the evidence whether it came from the same witness or the same adversary party's total proof. *See Caudill v. Maloney's Discount Stores, supra* 560 S.W.2d at 16; *see also McCloud v. Beth-Elkhorn Corp.,* Ky., 514 S.W.2d 46 (1974); *Wells v. Kentucky Appalachian Industries, Inc., supra; Tackett v. Eastern Coal Corp.,* 295 Ky. 422, 174 S.W.2d 707 (1943).

Snawder asserts that the evidence of occupational disability was overwhelming. However, the question of his occupational disability is not the issue on appeal. The board held Snawder suffered no occupational disability as a result of the injury of November 15, 1974.[4] The board did not reach the question of occupational disability from any other cause. In determining

whether the injury of November 1974 was the cause of his disability, Snawder's credibility was of great importance. The testimony of the physicians was based in large part on the history given by Snawder. We disagree with the board's conclusion that Snawder intentionally committed "perjury." Nevertheless, the record does raise substantial questions respecting his credibility. In view of the evidence that Snawder worked for approximately 18 months without complaint until a date shortly after the automobile accident, the board was not compelled to find that the injury of November 1974 was the cause of his subsequent disability.

Because we find that the decision of the board was not clearly erroneous based upon the evidence of probative value, we may not set aside that decision upon appeal. *Holman Enterprise Tobacco Whse. v. Carter,* Ky., 536 S.W.2d 461 (1976); *Volk v. Restaurant Concessionairies, Inc.,* Ky., 476 S.W.2d 195 (1972).

The judgment is affirmed.

All concur.

▮

---

4. Before the board, Snawder made only one claim, namely that the injury of November 15, 1974, was the cause of his disability. He did

not claim before the board that his disability was otherwise work-related.