# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 29, 2015
NOT TO BE PUBLISHED

**Supreme Court of Kentucky** FINAL

2015-SC-000041-WC

DATE 11-19-15 EnAGroupPC.

WARREN CAMPBELL                                                                    APPELLANT


                              ON APPEAL FROM COURT OF APPEALS
V.                              CASE NO. 2014-CA-001435-WC
                         WORKERS' COMPENSATION NO. 13-01469



INTERNATIONAL COAL GROUP, INC.;
HONORABLE J. GREGORY ALLEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                          APPELLEES



                    **MEMORANDUM OPINION OF THE COURT**

                                    **AFFIRMING**

Appellant, Warren Campbell, appeals a Court of Appeals decision which affirmed his workers' compensation award that was not enhanced by the three multiplier. KRS 342.730(1)(c)1. Campbell argues that the Administrative Law Judge ("ALJ") erred by not awarding him the three multiplier because he does not believe he has the capacity to return to work at his pre-injury job. For the below stated reasons, we affirm the Court of Appeals.

Campbell is a high school graduate with a history of operating heavy equipment for coal companies and road departments. Campbell began to work for Appellee, International Coal Group, Inc. ("ICG"), as a dozer operator on July 12, 2010. He was laid off on December 2, 2011. After being laid off, Campbell

began to notice he was having hearing problems. An audiogram revealed moderate to profound sensorineural loss of hearing with speech discrimination at 50% in the right and 50% in the left, and 60% binaurally. Campbell filed a Form 103 Application for Resolution of Hearing Loss Claim alleging that he sustained occupational hearing loss during the course and scope of his employment with ICG.

Campbell testified during a deposition that he worked in the coal mining industry for seventeen years. He underwent a hearing test before beginning to work for ICG and had never been diagnosed with a hearing problem prior to being laid off. Campbell testified that he was exposed to loud noises at previous jobs and ICG. Campbell also admitted that he never missed any work, received any treatment, or was involved in a work accident or injury due to a hearing problem. He has not returned to work since being laid off by ICG.

Campbell testified at the final hearing that the ability to hear was important when operating a dozer. He stated that as a dozer operator he was in constant contact with coal truck and heavy equipment drivers because he needed to know where they were located to prevent accidents. Campbell thought that his hearing problem would make it difficult for him to distinguish commands and could create safety issues while operating a dozer. Campbell did not believe he could return to work as a dozer operator.

A University evaluation was performed by Dr. Raleigh Jones and Dr. Trey Cline. Dr. Jones concluded that Campbell suffered from work-related bilateral noise induced sensorineural hearing loss due to his repetitive exposure to

2

noise, and he assigned a whole person impairment of 11% pursuant to the Fifth Edition of the AMA *Guides*. Dr. Jones recommended that Campbell wear bilateral hearing aids and use hearing protection when around loud noise. The University evaluation did not state that Campbell would be unable to return to employment as a dozer operator.

After a review of the evidence, the ALJ accepted Dr. Jones's opinion and concluded that Campbell had an 11% impairment due to work-related hearing loss. He also found that Campbell had the ability to return to his former job duties as long as Dr. Jones's recommendations on wearing hearing protection were followed. The ALJ stated:

> The ALJ can appreciate [Campbell's] testimony at the final hearing that he felt his loss of hearing would cause safety issues in a return to work in mining. However, [Campbell's] concerns do not appear to be borne out by medical findings or restrictions contained in the only medical evidence in the file.

Thus, the ALJ awarded Campbell benefits unenhanced by the three multiplier. Campbell appealed to the Board which affirmed the ALJ's opinion and order. The Court of Appeals also affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review

3

by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). "The claimant in a workman's compensation case has the burden of proof." *Snawder v. Stice*, 576 S.W.2d 276, 279 (Ky. App. 1979). "If the board finds against a claimant who had the burden of proof and the risk of persuasion, the court upon review is confined to determining whether or not the total evidence was so strong as to compel a finding in claimant's favor." *Id.* at 280 (citations omitted).

KRS 342.730(1)(c)1, the three multiplier, states in pertinent part:

> If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times . . .

Campbell argues that the ALJ should have applied the three multiplier to his award because due to his hearing loss he cannot return to employment as a dozer operator. Campbell believes that wearing hearing protection, as recommended by Dr. Jones, will make it unsafe for him to operate a dozer because he will be unable to hear commands, instructions, and audible alarms.

But, the evidence in this matter does not compel a different result than the one reached by the ALJ regarding the three multiplier. There is no evidence, other than Campbell's own testimony, that he cannot return to work as a dozer operator. The ALJ was free to not rely on this testimony.

Additionally, the University evaluation did not state that Campbell cannot work around loud noises, but only that if he was around loud noise he should use hearing protection. Further, there is no evidence the recommended hearing aids will not give Campbell the ability to hear adequately on the job. The evidence in this matter is not so strong to compel a finding in Campbell's favor and the ALJ did not abuse his discretion in declining to apply the three multiplier.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
WARREN CAMPBELL:

McKinnley Morgan

COUNSEL FOR APPELLEE,
INTERNATIONAL COAL GROUP, INC.:

Denise Moore Davidson