# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 17, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000135-WC

FRESENIUS MEDICAL CARE HOLDINGS        APPELLANT


ON APPEAL FROM COURT OF APPEALS

V.        CASE NO. 2014-CA-001006-WC

WORKERS' COMPENSATION NO. 11-88476


GENEVIEVE NOBLE;
HONORABLE JONATHAN WEATHERBY,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD        APPELLEES


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Fresenius Medical Care Holdings, appeals a Court of Appeals decision which affirmed a Workers' Compensation Board ("Board") opinion that vacated and remanded the dismissal of one of Genevieve Noble's claims for workers' compensation. Fresenius argues that the Board erred by vacating the dismissal of Noble's cumulative injury claim, which she stated occurred on March 8, 2010, because she did not give due and timely notice of the incident. For the below stated reasons, we affirm the Court of Appeals.

Noble began her employment with Fresenius in February 2004 as a dialysis nurse. Her job involved traveling to different medical facilities where she administered dialysis treatment to patients. Her job duties required her to

lift 40 to 50 pounds, push a 300 pound dialysis machine on rollers, and manually manipulate patients.

Noble testified in a deposition that she began to have lumbar pain in 2008. She told her current physician, Dr. Thomas Schurfranz, about her pain. Noble did not remember discussing with Dr. Schurfranz the cause of the back pain and stated that he did not provide an opinion as to the cause of her pain. However, Dr. Schurfranz's notes from 2010 stated that Noble's lumbar symptoms were worsened by her work as a dialysis nurse and that Noble told him that her lumbar pain increased as a consequence of "pulling up a patient." Dr. Schurfranz also provided Noble a light duty excuse on March 11, 2010, in which she was to refrain from lifting in excess of ten pounds or standing for more than thirty minutes at a time for six weeks. Noble testified that the first time she was informed by a physician that her lumbar pain was work-related was sometime in September or October 2011.

Noble filed a Form 101 on December 27, 2011, alleging that she suffered "work-related cumulative trauma for which she was referred to Dr. Elmer Dunbar on March 8, 2010." She also alleged work-related injuries occurred on April 26, 2011 and August 9, 2011. Noble admitted that she did not inform Fresenius of her potential March 8, 2010 injury until either February or March 2011. At that time, Noble inquired of Fresenius how to file a workers' compensation claim. Fresenius challenged Noble's March 8, 2010 claim on the grounds that since it took her a year to inform it of the potential work-related cumulative trauma injury she did not provide due and timely notice.

2

After a review of the evidence, the ALJ made the following findings regarding the notice provided for the March 8, 2010 claim:

> 15. No proceeding for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof . . . KRS 342.185.
>
> 16. An employee has the burden of proof and the risk of non-persuasion to convince the trier of fact of every element of his workers' compensation claim. *Snawder v. Stice*, 576 S.W.2d 276 (Ky. App. 1979).
>
> 17. [Noble] testified that she asked her supervisor how to go about filing a workers' compensation claim if she did not have a specific injury. This is the only indication of the giving of notice on the part of [Noble] for this particular injury and it took place approximately one year after the injury date according to [Noble]. The ALJ finds that this does not constitute the giving of notice to the employer as soon as practicable after the happening of the injury.
>
> 18. The ALJ therefore concludes based upon the evidence available, that [Noble] has failed to establish that notice was properly given with regard to the March 8, 2010 injury.
>
> 19. [Fresenius] is relieved from liability of the contested expenses regarding the March 8, 2010, injury.

The ALJ did award Noble temporary total disability benefits and permanent partial disability benefits for the August 9, 2011 claim. The ALJ also awarded Noble medical expenses for the April 26, 2011 and the August 9, 2011 injuries.

Noble filed a petition for reconsideration challenging the ALJ's dismissal of her March 8, 2010 cumulative trauma injury claim. She argued that no physician informed her prior to when she approached Fresenius in February or March 2011 that her lumbar injury was potentially related to her employment. Thus, Noble argues she was not even required to provide notice at that time. *Hill v. Sextet Mining Corp.*, 65 S.W.3d 503 (Ky. 2001). The ALJ denied Noble's petition for reconsideration. Noble appealed to the Board.

3

The Board vacated in part and remanded the matter to the ALJ for further fact finding. The Board held:

> [W]e believe the matter must be remanded to the ALJ for additional findings. The ALJ failed to make a specific finding as to whether Noble sustained a cumulative trauma injury. Thus, the ALJ must first determine whether Noble sustained a work-related cumulative trauma injury prior to resolving the issue of due and timely notice of the work injury. The findings of fact and conclusions of law contained in the numerical paragraphs 17, 18, and 19 as set out herein are insufficient and do not adequately address the issue of whether Noble sustained a cumulative trauma injury and the law concerning the obligation to provide notice of a cumulative trauma injury. On remand, should the ALJ determine a cumulative trauma injury occurred, he must also make a finding as to the date of manifestation of the cumulative trauma injury. After determining the date of manifestation, the ALJ must then decide whether notice was timely.

Fresenius appealed to the Court of Appeals which affirmed the Board. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole

4

discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

KRS 342.185(1) requires a claimant to give notice of an injury to the employer "as soon as practicable after the happening thereof." A cumulative trauma injury is a "gradual, work-related injury as opposed to a single traumatic event." *Manalapan Mining Company, Inc. v. Lunsford*, 204 S.W.3d 601, 604 (Ky. 2006). With a cumulative trauma injury, the claimant must give notice of the injury by the date of manifestation thereof. *Special Fund v. Clark*, 998 S.W.2d 487 (Ky. 1999). The date of manifestation of a cumulative trauma injury generally occurs when a physician informs the claimant that she has sustained a cumulative work-related injury. *Hill*, 65 S.W.3d 503.

Fresenius argues in its appeal that there was sufficient circumstantial evidence to support the ALJ's conclusion that Noble did not provide adequate notice for her March 8, 2010 claim for a work-related cumulative trauma injury. Fresenius notes that the records of Dr. Schurfranz from 2010 indicate he believed that Noble's lumbar pain was being caused by her employment as a dialysis nurse. Thus, it contends that it is highly unlikely that he did not mention to Noble that her employment was causing her lumbar pain prior to March 2011. Fresenius also notes that Noble asked how to file a workers' compensation claim in February or March 2011, but claims that she was not informed by a physician that her lumbar problem was work-related until September or October 2011. Fresenius contends that this timeline discrepancy

5

indicates one of her doctors informed her of the presence of a work-related injury before February or March 2011.

The ALJ's findings on the alleged March 8, 2010 cumulative trauma injury are inadequate. Because Noble alleged a cumulative trauma injury, the ALJ should have first determined if she suffered such an injury. If such an injury occurred, then the ALJ should have determined the date of manifestation for that injury, usually the date she was informed by a physician that the injury is work-related. After determining the date of manifestation, the ALJ then can analyze if notice was timely provided. Thus, because the ALJ did not perform a proper cumulative trauma injury analysis, we must agree with the Board. We note that on remand the ALJ is free to make any finding regarding Noble's cumulative trauma injury claim that is supported by the record.

Thus, for the above stated reasons, we affirm the decision of the Court of Appeals.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Wright, J., not sitting.

6

COUNSEL FOR APPELLANT,
FRESENIUS MEDICAL CARE HOLDINGS:

Frederick Allon Bailey
Patrick Joseph Murphy, II


COUNSEL FOR APPELLEE,
GENEVIEVE NOBLE:

Stephanie Nicole Wolfinbarger