**LIGON PREPARATION PLANT COMPANY, Appellant,**

v.

**Allard HAMILTON et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

Fred G. Francis, Prestonsburg, for appellant.

Harold J. Stumbo, Prestonsburg, for appellees.

Gemma M. Harding, Louisville, for Special Fund.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded compensation to Allard Hamilton for total permanent disability, the entire award being directed to be paid by his employer, Ligon Preparation Plant Company. On appeal by Ligon to the circuit court, judgment was entered affirming the award. Ligon is appealing here from that judgment.

Ligon does not question the determination that Hamilton is totally disabled. The sole argument is that a portion of the award should have been charged against the Special Fund, under KRS 342.120(3).

The award came in proceedings on claims of *two* separate accidents asserted by Hamilton, both occurring in his employment with Ligon. The first accident occurred on November 22, 1968. On that occasion a heavy piece of machinery descended upon Hamilton, breaking his pelvis and causing a lumbosacral strain. After a period of recuperation, Hamilton returned to his work, which involved using a heavy drill. On March 19, 1970, while operating the drill, he experienced severe pain in his back. Two doctors testified in the case. One was Hamilton's attending physician and the other was an independent doctor appointed by the board under KRS 342.-121.[1] The two doctors agreed that what occurred on the latter occasion was a change in the condition of several spinal discs. One doctor gave the opinion that Hamilton had suffered a herniated disc, attributable in part to a weakening of the interspaces sustained in the first accident.

[1]. This case was heard after the 1970 amendment to KRS 342.121, so the report of the appointed doctor was not binding on the board.

The other doctor described the condition as a narrowing of some of the spaces and a widening of others; he was of the opinion that the March 1970 injury consisted of an aggravation of a preexisting arthritic condition.

One of the doctors estimated that the percentage of functional disability attributable to the first accident alone was 10 percent, and the percentage attributable to the second accident alone was 20 or 25 percent. He said that the disability from the combination of the two injuries was "much greater than it would be if you took the two separately or added the two together."

The other doctor, in his report to the board, stated that Hamilton had a 15 percent disability attributable to the first accident, and a 15 percent disability "directly due to" the second accident, and that the "total is 45 percent."

It is clear that both doctors considered that the degree of disability resulting from the combined effect of the separate injuries was greater than the degree that would be reached simply by adding the degrees separately attributable to each of the injuries by itself. The board, however, found that this was not true. It found that 29% of Hamilton's occupational disability was attributable to the first accident and 71% to the second.

■ The board's determination is not sustainable. Under Young v. Fulkerson, Ky., 463 S.W.2d 118, and the cases on which it rests, if the board finds that the second injury *alone* would not have produced the entire disability, apportionment under KRS 342.120 becomes necessary. And under the reasoning of Young v. Campbell, Ky., 459 S.W.2d 781, and Young

v. Young, Ky., 460 S.W.2d 832, in apportionment cases *some* percentage of occupational disability must be assigned for each percentage of functional disability established by the evidence. So the board in the instant case, having found that the second injury alone would not have produced total disability, could not refuse to assign some percentage of occupational disability to the percentage of functional disability that the doctors said resulted from the combination of the separate injuries. The percentage so assigned would be chargeable against the Special Fund.

■ Our holding is that in a double-claim situation such as presented in this case, involving separate injuries in the same employment, the employer is liable for the disability attributable to the first injury alone. The employer is liable also for the disability attributable to the second injury alone, and if the latter injury would independently have totally disabled the employe, the employer is liable for compensation for total disability. But if the second injury alone would not have totally disabled the employe, and if the evidence establishes that the degree of functional disability resulting from the combination of the two injuries is greater than that which would have resulted from simply adding the percentages of functional disability attributable to the injuries separately, the board must make an apportionment, assigning some percentage of occupational disability to the combination factor, and charge that against the Special Fund.

The judgment is reversed, with directions that judgment be entered remanding the case to the Workmen's Compensation Board for the entry of an award in accordance with this opinion.

All concur.