**BROADWAY RUBBER COMPANY, and Aetna Life & Casualty Insurance Co., Appellants,**

v.

**Bernice CECIL, James R. Yocom and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

July 1, 1977.

Stuart E. Alexander, Louisville, for appellants.

Cyril E. Shadowen (Sp. Fund), Dept. of Labor, Louisville, Kenneth E. Hollis (Sp. Fund), Dept. of Labor, Frankfort, Donald L. Cox (Appellee Cecil), Louisville, for appellees.

Before HOWERTON, GANT and WILHOIT, Judges.

HOWERTON, Judge.

This case involves the single issue of the apportionment of a Workmen's Compensation award between the employer and the Special Fund.

James D. Cecil filed an application for adjustment of claim on October 8, 1974, alleging disability due to an occupational disease as of April 24, 1974, namely "silicosis". The finding of the Board of "permanent total disability" is not challenged. Subsequent to the award, and while an appeal was pending, Cecil died. In the present appeal, all parties are in agreement that Cecil's widow, Bernice, is entitled to the survivor benefits under KRS 342.750 and is the proper party to this action.

The Board divided the award liability 60% to the employer and 40% to the Special Fund, pursuant to KRS 342.316(13)(a), in keeping with its finding of fact that the disease resulted from a single occupational exposure. This division was affirmed by the Jefferson Circuit Court on December 13, 1976. KRS 342.316(13)(a) relates to whom is liable for compensation for occupational diseases which are developed over a period of time. Where it is not conclusively proven that the disease is the result of exposure during the last employment before disability, the employer is liable for 25% of the award and the Special Fund is liable for 75% of the award. In other cases where it is shown that the disability resulted from the single occupational exposure, the employer is liable for 60% of the compensation and the Special Fund pays for 40% of the award. Appellants, therefore, attempt to prove that the disability resulted from exposure to hazards in previous employments.

Cecil had held numerous jobs involving various types of work. He had worked for Broadway Rubber almost six years as a sandblaster of metal. His exposure to the hazards resulting in silicosis at Broadway Rubber are not disputed. The record also reveals that Cecil was employed by the General Plywood Company from 1946 to 1956. Though not a sander himself, Cecil worked in the area where the sanding of plywood took place. Appellant argues that the record indicates Cecil was exposed to silica dust from the sandpaper or sand belts used at the plywood plant. Should that be the case, the Appellant would only be responsible for 25% of the compensation award, as the Special Fund would be liable for 75%.

Appellants rely on *Yocom v. Eastern Coal Corporation*, Ky., 523 S.W.2d 882 (1975). In that case, the court made it clear that KRS 342.316(13)(a) would be strictly followed. In that action, the claimant had worked in

coal mines for thirty-six years. He had worked in mines for one employer for all but a two day period in 1948. During that time, he worked as a miner for another company. All medical experts testified to the effect that the silicosis resulted from the claimant's entire work experience and the court concluded, "It cannot be said to have been conclusively proved that it was attributable solely to his exposure during the employment with Eastern."

One might argue that ten years employment in a saw-mill or plywood company would equal two days in any coal mine, as far as a cumulative exposure for the development of silicosis is concerned. The same arguments might also be carried to such employments as a carpenter or even a lifeguard on a sandy beach. The distinguishing factor, however, appears to be that employment in lumber yards is an occupation not generally recognized as producing occupational diseases such as silicosis. Coal mining is such an occupation, and even though the two day period out of thirty-six

years in *Eastern* is minimal, it was nevertheless a recognized exposure to the same occupation and occupational hazard; and, as such, shared in the contribution to the disease.

As to the work record of James Cecil, we have reviewed the record in this case and must agree with the trial court that the evidence presented regarding work at the plywood company exposed Cecil to sawdust (wood), and did not expose him to silica or sand.

The judgment of the trial court is affirmed.

ALL CONCUR.