**JONES & LAUGHLIN STEEL CORPORATION, Appellant,**

v.

**Kenneth E. GOBEN, Jr., James R. Yocom, Commissioner of Labor and Custodian of the Special Fund; Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Feb. 1, 1980.

Discretionary Review Denied July 8, 1980.

Wesley G. Gatlin, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

John E. Stephenson, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for Special Fund.

Roy L. Turner, Louisville, for Kenneth E. Goben, Jr.

Before GANT, VANCE and WINTER-SHEIMER, JJ.

GANT, Judge.

Appellee/claimant, in a work-related accident while in the employ of the appellant, suffered a large left inguinal hernia in September, 1970. This was repaired, and appellee returned to work. About a year later he suffered a recurring left hernia which was again repaired, and appellee was released as "completely asymptomatic." In June, 1972, after persistent pain, exploratory surgery was performed on the same area and a neuroma excised, appellee being again discharged as completely recovered and returning to work. In 1975, recurring pain necessitated a fourth operation in the same area in order to remove and excise a nerve entrapped in scar tissue, which operation was successful and appellee again returned to work. In August, 1976, appellee suffered another hernia and underwent a fifth operation in the same area, after which he was unable to return to work. He periodically attempted to return to work between November 1, 1976 and the latter part of February, 1977, when, in the course of spreading gravel on his driveway, he experienced such intense pain that he was no longer able to perform his work with the appellant/employer, which work required lifting of heavy materials.

The Workmen's Compensation Board found the appellee 100% disabled, ordering rehabilitation, which was affirmed by the

circuit court, both applying the case of *Haycraft v. Corhart Refractories Co.*, Ky., 544 S.W.2d 222 (1977).

■ The issue before this Court is (1) whether the holding in *Haycraft, supra*, is applicable to a series of traumas which occurred over a period of several years, and (2) if so, whether it was properly applied under the facts of this action.

We answer the first question of applicability in the affirmative. Consider the language of *Haycraft* at Page 228, when the court states:

> Not only is it beyond question that the nature of the work was such that it probably aggravated and accelerated the degenerative disc condition, but also there have been two incidents of actual injury to the man's back arising out of and in the course of his employment.

This implies to this Court that, had his disability been the result of the "two incidents of actual injury" rather than the combination of those two injuries and the degenerative disc condition, *Haycraft* would have been even simpler.

Relating to the proper application of *Haycraft*, we find the following language in the paragraph immediately after that one above quoted, to-wit:

> To the extent that the claimant was actively disabled prior to April 11, 1974, under KRS 342.120 he cannot be compensated. For the remainder of his disability attributable to the present condition of his back he is entitled to compensation to be divided between the employer and the Special Fund, the employer's portion to be assigned not on the basis of how much it would have occurred in the absence of the degenerative disc condition, but on the basis of how much the work has contributed to it.

The footnote under the above section makes it manifestly clear as to just what the Supreme Court of Kentucky intended. It reads as follows:

> Though KRS 342.120(3) provides that when a previously-existing condition that is nondisabling becomes disabling through the agency of a work-related injury the employer shall be liable only for such portion (if any) of the disability as would have resulted from the injury in the absence of the pre-existing condition, we construe that provision as applicable only to a pre-existing condition that is not attributable in any degree to the work. *What we hold here is that a dormant pre-existing condition, or predisposition to injury, which itself is work-related, falls in a different category.*

The testimony of the physicians herein, without exception, describes the "dormant pre-existing condition" as totally work-related. There is not one line of evidence in this case that as a result of any of the previous injuries the claimant became functionally or occupationally disabled but, in fact, he returned each time to the same job which involved lifting of heavy materials. Under the ruling of *Haycraft, supra*, the function of the Board is to determine whether there is a dormant pre-existing condition which itself is work-related and then to fix that amount on the employer which would reflect "how much the work has contributed" to the disability. We find no abuse of discretion under the evidence herein. After each operation except the last, the claimant was released to return to his work, described as "completely asymptomatic" and that his groin was "hard as a rock."

Appellant complains that the holding of the Board and the lower court would abrogate the statute of limitations. This is simply not the effect of such holding. If the claimant had been shown to have been "actively disabled," as set out in *Haycraft, supra*, from an injury barred by the statute, the employer would have no liability therefor. They key word in the holding of *Haycraft* is the word "actively." The mere fact of previous injury, coupled with the Board's finding of "cumulative effect," does not, per se, indicate an active disability in the absence of proof to the contrary.

The Special Fund is not liable for any portion of the award. As pointed out in the *Haycraft* footnote above quoted, where the

dormant pre-existing condition is itself work-related, these cases fall in a different category.

The Board and the lower court having properly applied the law, the judgment is affirmed.

WINTERSHEIMER, J., concurs.

VANCE, J., concurs in the result only.