Charles HOLBERT, Appellant,

v.

WICKES LUMBER SUPPLY; Travelers Insurance Company; Thelma Stovall, Commissioner of Labor and Custodian of the Special Fund; and Workers' Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

July 27, 1984.

Rehearing Denied Sept. 21, 1984.

Discretionary Review Denied Feb. 20, 1985.

E. André Busald, Florence, for appellant.

Stephen O'Brien, Lexington, Gemma Harding, Special Fund, Dept. of Labor, Louisville, for appellees.

Before CLAYTON, McDONALD and MILLER, JJ.

MILLER, Judge.

This is a workers' compensation case. The Workers' Compensation Board (board) awarded twenty per cent (20%) occupational disability, and apportioned ten per cent (10%) on the employer, Wickes Lumber Supply, and ten per cent (10%) on the Special Fund. Wickes appealed to the Fayette Circuit Court; the Special Fund did not. Wickes's appeal named the Special Fund as a party appellee and the Special Fund filed an appropriate answer denying liability. The circuit court reversed the order of the board on the basis that appellant, Charles Holbert, had "failed to establish a work-related injury" and released both Wickes and the Special Fund from liability. The essence of the circuit court's ruling was that there was no substantial evidence supporting Holbert's claim of a job-related injury. We agree. We think the decision of the board was not supported by substantial evidence and was, therefore, clearly erroneous. KRS 342.285(3)(d). We note, parenthetically, that if the board had denied Holbert an award, a contrary ruling would not have been compelled. *See Kentland Elkhorn Coal Co. v. Johnson,* Ky.App., 549 S.W.2d 308 (1977), and *Golden v. Anaconda Wire & Cable Co.,* Ky.App., 556 S.W.2d 174 (1977).

Appellant sought to support his claim of injury by the testimony of fellow workers. All the workers failed to substantiate his claim of a "back" injury while lifting a stove on June 25, 1979. Rather,

the evidence is consistent with the fact that appellant injured his back at home upon another occasion. Other than his own testimony, which appeared inconsistent with the alleged circumstances, his only evidence as to an injury on the job was the self-serving statements given to physicians. We believe the evidence to be insufficient to induce conviction in the minds of reasonable men. *See Kentucky State Racing Commission v. Fuller,* Ky., 481 S.W.2d 298 (1972), and *O'Nan v. Ecklar Moore Express, Inc.,* Ky., 339 S.W.2d 466 (1960).

Appellant maintains that the award against the Special Fund should stand, notwithstanding the reversal of the award against employer. He bases this upon the fact that the Special Fund did not appeal to the circuit court. KRS 342.285. We, however, think it unnecessary for the Special Fund to file a separate appeal in cases presenting factual situations analogous to those now at bar. Here, the board has found in favor of the claimant and apportioned liability between the employer and the Special Fund. The employer then sought review of the award by the circuit court and based its appeal solely upon the threshold question of whether the injury was work-related and therefore compensable under KRS Chapter 342. The employer presented no arguments concerning the apportionment of the award between the employer and Special Fund which was made after the board found a work-related injury. The Special Fund chose not to appeal the board's award, but was named as an appellee. Where the employer's appeal is based upon the underlying entitlement of the claimant to an award, the Special Fund need not pursue a separate appeal on its own behalf in order to enure to the success of the employer's appeal. The Special Fund never suffers direct liability; it is only a source of funds for satisfaction of liability imposed upon the employer [KRS 342.120(5)] under given conditions. *Cf. Peach v. 21 Brands Distillery,* Ky.App., 580 S.W.2d 235 (1979); *Yocum v. Milish,* Ky., 497 S.W.2d 702 (1973); *Caldwell v. Bethlehem Mines Corporation,* Ky., 455

S.W.2d 67 (1970); *Cabe v. Popham,* Ky., 444 S.W.2d 910 (1969).

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

All concur.