John Calhoun WELLS, Secretary of Labor Cabinet (Special Fund), Appellant,

v.

PHELPS DODGE MAGNET WIRE COMPANY; Ann C. Webster; and Workers' Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Sept. 20, 1985.

Case Ordered Published Oct. 18, 1985.

Rehearing Denied Nov. 15, 1985.

John E. Stephenson, Labor Cabinet, Louisville, for appellant.

W. Douglas Myers, Hopkinsville, for Phelps Dodge.

Jeffrey R. O'Grody, Bowling Green, for appellees.

Before LESTER, MILLER and REYNOLDS, JJ.

MILLER, Judge.

This is the Special Fund's (KRS 342.120) appeal from a judgment of the Christian Circuit Court reversing a decision of the Worker's Compensation Board (board) and remanding to the board for the purpose of exacting liability upon the Special Fund. The matter grows out of a work-related injury sustained by Ann C. Webster, an employee of appellee, Phelps Dodge Magnet Wire Company (Phelps Dodge) on January 20, 1981. The board found Ann to have received a 50% permanent, partial disability, and assigned the entire responsibility to the employer, Phelps Dodge. On appeal to the circuit court (KRS 342.285), Phelps Dodge persuaded the court to remand to the board for apportionment of some amount upon the Special Fund under KRS 342.120.

The problem is created by the following finding of the board:

Based upon the lay and medical testimony as summarized herein and the principles set forth in *Osborne v. Johnson*, 432 S.W.2d 800, *Jones v. Institute of Electronic Technology*, 613 S.W.2d 420, KRS 342.620(11) and KRS 342.730, we find that the plaintiff sustained an injury of appreciable proportions on January 20, 1981 that will probably impair her future earning capacity, adversely affect her ability to labor, or limit her occupational opportunities to obtain the kind of work she is customarily able to perform. Drs. Bowers and Wolff substantially agree that she has lost approximately one-half of her grip strength in her dominant right hand. *There is a psychological component to her disability, as well, although we find that not all of it is attributable to the subject injury. Specifically, we find that she retains a 50% permanent occupational disability, none of which is attributable to the arousal of dormant conditions.* We will award the temporary total disability benefits as paid, and commence the balance of the permanent Award on April 28, 1983. (Emphasis added.)

The trial court interpreted the finding to require an apportionment upon the Special Fund to compensate for the "psychological component" to Ann's disability. We do not agree. We think the board's reference to a psychological element is only a recognition that physical injury is frequently accompanied by psychological impairment. Some persons receiving the same injury because of their psychological

makeup are more impaired than others. A poor psychological makeup does not necessarily constitute a dormant condition subject to arousal within the meaning of KRS 342.120(b).

Moreover, the board's finding that all responsibility should be borne by the employer is not subject to easy disturbance. The burden of apportionment rests upon the employer, and when the employer fails in this burden, the question is not whether an apportionment upon the Special Fund would have been justified or whether we would have made such an apportionment, but whether the record compels such a finding. *See Kentland Elkhorn Coal Company v. Johnson*, Ky.App., 549 S.W.2d 308 (1977). The question is not one of substantial evidence as addressed in the briefs.

We note that this court has heretofore observed that what a board is free to do and what it may be compelled to do are vastly different. *See Snawder v. Stice*, Ky.App., 576 S.W.2d 276 (1979). Under the foregoing principles, we conclude that the record does not compel an apportionment upon the Special Fund.

For the foregoing reasons, the judgment of the Christian Circuit Court is reversed, and this cause is remanded with directions to vacate the judgment appealed from and enter judgment affirming the board.

All concur.