**RAPID INDUSTRIES, INC., Appellant,**

v.

**William Ray CLARK; John Calhoun Wells (Successor to Thelma L. Stovall), Commissioner of Labor and Custodian of Special Fund; and Kentucky Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Sept. 12, 1986.

Gary D. Garrison, Ewen, Mackenzie & Peden, P.S.C., Louisville, for appellant.

David R. Allen, Dept. of Labor, Louisville, for appellee, Special Fund.

Robert M. Lindsay, Segal, Isenberg, Sales, Stewart & Cutler, Louisville, for appellee, Clark.

Michael J. Darnell, Louisville, for Home Ins. Co.

Before HAYES, C.J., and HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Rapid Industries, Inc. appeals from a judgment of the Jefferson Circuit Court affirming an opinion and award of the Workers' Compensation Board which held that the employer and its insurance carrier in 1982 were solely liable for benefits awarded to William Ray Clark. Clark filed his claim in June 1983 alleging that he was disabled as a result of hernias sustained while employed by Rapid Industries on July 7, 1982, and on April 18, 1980. The board found that Clark's occupational disability was the result of a combination of a series of injuries with permanent occupational disability manifesting itself only after the

1982 injury. The board dismissed the Special Fund and the insurance carrier which covered the employer in 1980. Rapid Industries argues that the court erred by not apportioning liability for the disability between the 1980 and 1982 injuries and that the Special Fund should be at least partially liable because the 1982 disabling injury was attributable in part to Clark's prior existing dormant condition. We find no reversible error and affirm.

Clark's first problem with hernias occurred at age 12 in 1945. He developed another hernia in 1978 while he was working, but he made no claim for this problem. Clark developed two more hernias in 1980 and 1982. Both occurred at work, and he filed claims for compensation. Clark underwent a series of operations to correct his problem, the final two operations being in August 1983 and May 1984. Each operation was performed by Dr. Aaron.

The board considered evidence of the two work-related injuries and four surgeries and concluded that the claimant was totally disabled. We find no problem with this determination, as Dr. Aaron testified that he considered Clark to be totally disabled. Also, vocational testimony was presented to indicate that Clark had lost his ability to perform 79 to 89 percent of the jobs in the local economy. His chances for finding suitable employment were "very poor."

Rapid Industries argues that the disability should be apportioned between the insurance carriers for the 1980 and 1982 injuries. Its basis for this argument is that Clark continued to have pain and discomfort between the time of his 1980 injury and the 1982 injury. Also, Clark performed mostly light duties after he returned to work in 1980.

█ The board considered that evidence, but it also had evidence indicating that Clark had no genuine disability following the 1980 injury and the surgery. Dr. Aaron allowed Clark to return to work and permitted him to do some heavy lifting. The board concluded that there was no actual permanent disability following the 1980 injury, and we hold that this determination was based on substantial evidence in the record.

Rapid Industries next argues that the Special Fund should be at least partially liable, since part of the 1982 injury and disability was attributable to Clark's prior existing dormant condition. The company argues that, in addition to the 1982 problem, Clark also had hernias in 1945, 1978, and 1980. Those facts are true, but Dr. Aaron testified that the 1945 hernia and the 1978 work-related hernia were in no way related. The 1978 and 1980 hernias were work related, and both occurred while Clark was employed by Rapid Industries. The 1982 hernia was also work-related, but it was partly caused by Clark's condition resulting from his 1978 and 1980 work-related hernias. His problems concerning the additional surgeries in 1983 and 1984 were directly and causally related the 1982 hernia. It is from these latter surgeries that Clark is now totally disabled.

█ *Haycraft v. Cohort Refractories Co.*, Ky., 544 S.W.2d 222 (1976), points out that when a preexisting disease or condition is the result of the work done by the employee for an employer, the condition is compensable by the employer only. Even though KRS 342.120(3) provides that when a preexisting nondisabling condition becomes disabling through a subsequent work-related injury, the employer shall be liable only for the portion of disability which would have resulted from the injury alone, we must conclude that we have before us a situation which *Haycraft, supra,* excludes. We further conclude that the board correctly applied *Jones & Laughlin Steel Corp. v. Goben,* Ky.App., 600 S.W.2d 481 (1980), for the proposition that where a preexisting condition is totally work related, the Special Fund is not liable. The *Goben* case was based in part on the *Haycraft* decision.

Finding no reversible error in the court and board decisions to place sole liability on the employer and on the 1982 work-related injury, we affirm the judgment of the Jefferson Circuit Court.

Further, pursuant to 2(a) of the Order Designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.