**GENERAL REFRACTORIES COMPANY, Appellant,**

v.

**Andy Lee MILLER; John Calhoun Wells, Secretary of Labor Cabinet (Special Fund); and Workers' Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1986.

Howard VanAntwerp, III, Ashland, for appellant.

Alvin B. Trigg, Lexington, John E. Stephenson, Louisville, for appellees.

Before HAYES, C.J., and HOWERTON and REYNOLDS, JJ.

HAYES, Chief Judge:

In this workers' compensation case, the employer challenges the Board's apportionment of liability for appellee Miller's disability from pneumoconiosis. Miller was constantly exposed to hazardous dust during 35 years of employment at General Refractories, where he received his last injurious exposure. Pursuant to KRS 342.-316(13)(a), the Board apportioned liability 60% to the employer and 40% to the Special Fund in keeping with its finding that Miller's disability was conclusively proven to be the result of his last injurious exposure. It is with this finding that the employer takes issue.

The only testimony concerning other exposure came from Miller himself who stated that on two occasions during layoffs at General Refractories (for periods of approximately two months each time) he had worked around excavating equipment with dust exposure from the excavating work. The employer argues that this testimony, coupled with the testimony of the medical experts that the soil in Eastern Kentucky contains silica, precludes the finding that Miller's disability was solely due to his employment at General Refractories. We disagree.

In our opinion, this case falls squarely within the reasoning set out in *Broadway Rubber Company v. Cecil*, Ky.App., 553 S.W.2d 697 (1977). The court in that case made the following observation:

One might argue that ten years employment in a saw-mill or plywood company would equal two days in any coal mine, as far as a cumulative exposure for the development of silicosis is concerned. The same arguments might also be carried to such employments as a carpenter or even a lifeguard on a sandy beach. The distinguishing factor, however, appears to be that employment in lumber yards is an occupation not generally recognized as producing occupational diseases such as silicosis.

We are convinced that the same can be said of outdoor work around pipelines and excavating equipment. Without more convincing evidence that is present in the case, there can be no legitimate inference that the excavation work contributed at all to Miller's disability.

The opinion of the Board fully comports with the law and evidence of record in the case and the judgment of the Carter Circuit Court is hereby affirmed.

Further, pursuant to 2.(a) of the Order designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.