Frances Jones **MILLS**, Treasurer of the Commonwealth of Kentucky and Custodian of the Uninsured Employers' Fund, Appellant/Cross-Appellee,

*v.*

Oman **BLAKE**, Wesken Wood, Inc., Special Fund and Workers' Compensation Fund, Appellees/Cross-Appellants.

Court of Appeals of Kentucky.

July 17, 1987.

David L. Armstrong, Atty. Gen., Dana C. Stinson, Asst. Atty. Gen., Frankfort, for appellant/cross-appellee.

James E. Story, Eddyville, for appellee/cross-appellant, Oman Blake.

Cathy Utley Costelle, Labor Cabinet, Louisville, for appellee/cross-appellant, Special Fund.

Before COMBS, HOWARD and LESTER, JJ.

HOWARD, Judge.

In this case, the appellant, the Uninsured Employers' Fund, seeks to overturn a judgment of the Crittenden Circuit Court upholding an award of workers' compensation benefits to the appellee, Oman Blake.

Blake filed a claim with the Workers' Compensation Board on September 22, 1983, against Wesken Wood, Inc., a sawmill where Blake had last worked. Blake claimed that he had developed work-related respiratory problems and was totally disabled. The evidence shows that Blake had also worked about twenty-seven and one-half (27½) years in underground mines, mostly in fluorspar mines. The medical testimony established that Blake had chronic obstructive pulmonary disease and pneumoconiosis (black lung).

On December 9, 1985, the Board found that Blake was 100% occupationally disabled by pneumoconiosis. The Board further found that Blake was employed by Wesken Wood when he was last exposed to the hazards which produced his disease. The monetary award was apportioned 40% against the Special Fund and 60% against the employer, who was then defunct resulting in the liability of the Uninsured Employers' Fund.

On January 13, 1986, the Board issued an order altering its findings of fact. The order stated Blake's occupational disease was due to "work-related chronic obstructive pulmonary disease" and the liability was apportioned 25% against the employer and 75% against the Special Fund.

The Uninsured Employers' Fund filed a petition for review of this award with the Crittenden Circuit Court. Blake filed a motion to dismiss on the ground the Uninsured Employers' Fund neglected to name the Special Fund as a respondent. The court below overruled the motion and subsequently affirmed the decision of the Workers' Compensation Board.

As a preliminary matter, we must determine whether Blake's motion to dismiss was properly overruled.

Blake, as cross-appellant, argues that because of the failure of the Uninsured Employers' Fund to name the Special Fund as a party, the court below did not have the jurisdiction to hear the appeal. In *Compton v. American Commercial Barge Line Co.*, Ky.App., 664 S.W.2d 950 (1984), cited by Blake, this Court held that a circuit court lacks the jurisdiction to hear an appeal from the Workers' Compensation Board when the appellant fails to name the Board as a party. This Court noted in

*Compton, supra,* that an appeal from an administrative body is not a matter of right but a privilege granted by statute and strict compliance is required. *See Board of Adjustments of the City of Richmond v. Flood,* Ky., 581 S.W.2d 1 (1978). KRS 342.285(1) requires that the Board be named as a party; thus, we held that the circuit court properly dismissed the appeal for lack of jurisdiction.

The Uninsured Employers' Fund argues that under *Milligan v. Schenley Distillers, Inc.,* Ky.App., 584 S.W.2d 751 (1979), the Special Fund is not an indispensable party to the appeal and, therefore, it is not fatal to the appeal to fail to name it. However, in *Milligan, supra,* the question was whether the Special Fund was an indispensable party, under CR 19.01, to an appeal from a circuit court judgment upholding an award or order of the Board. The Court in *Flood, supra,* stated that the civil rules, such as CR 19.01, do not apply before an appeal is perfected from an administrative board to the circuit court. Similarly, the indispensability of parties is not an issue in the case at bar.

KRS 342.285(1) requires that when a petition for appeal is made to the circuit court from an order of the Workers' Compensation Board, the Board and the "adverse party" must be named as respondents. The statute says nothing about naming the Special Fund; thus, strict compliance with that statute is not an issue.

Further, it has been held that "[t]he Special Fund never suffers direct liability; it is only a source of funds for satisfaction of liability imposed upon the employer [KRS 342.120(5)] under given conditions." *Holbert v. Wickes Lumber Supply,* Ky.App., 683 S.W.2d 946, 947 (1984). *See Yocom v. Milish,* Ky., 497 S.W.2d 702 (1973). Thus, the Special Fund's liability in cases like this is derived from the employer. With all of the true adverse parties before the court, all conditions for the exercise of judicial power are present. *See Flood, supra.*

■ The Uninsured Employers' Fund concedes that Blake suffers from an occupational disease; but it argues that the Board erred in assessing liability for this disease against Wesken Wood.

KRS 342.316(12) provides that:

When an employe has an occupational disease that is covered by this chapter, the employer in whose employment he was last injuriously exposed to the hazard of the disease, and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; except as otherwise provided herein.

The phrase "last injurious exposure" to the hazards of the disease is used in various forms throughout KRS 342.316, e.g., KRS 342.316(1)(a), (1)(b), (3), (4), (7), and (13). KRS 342.620(4) states that " 'injurious exposure' as used in KRS 342.316 shall mean that exposure to occupational hazard which would, independently of any other cause whatsoever, produce or cause the disease for which claim is made."

Therefore, the basic question in the case at bar is whether the exposure Blake received while employed at Wesken Wood would have produced or caused his disease in and of itself regardless of any other exposure.

The basis of Blake's claim against Wesken Wood is an exposure to heavy sawdust while performing his work. Blake worked primarily as an off-bearer, that is, he loaded wood for cutting and unloaded boards after they were cut. Blake testified that the sawmill was quite dusty. Blake did not elaborate as he was unable to speak at the hearing before the Board due to a recent throat operation. His attorney read questions and answers prepared in advance and Blake confirmed the answers by nodding his head.

A case somewhat analogous to the instant action is *Broadway Rubber Company v. Cecil,* Ky.App., 553 S.W.2d 697 (1977). The claimant alleged that he suffered the occupational disease of silicosis due in part to his employment with Broadway Rubber as a sandblaster of metal. The Board found that the claimant suffered from silicosis and that this disease was a result solely of exposure to silica dust at

Broadway Rubber. The employer challenged the apportionment on the grounds that the claimant was exposed to silica dust from sandpaper and sand belts used in previous 10–year employment at a plywood plant.

This Court rejected the employer's contention in *Broadway Rubber v. Cecil, supra,* stating that:

One might argue that ten years employment in a saw-mill or plywood company would equal two days in any coal mine, as far as a cumulative exposure for the development of silicosis is concerned. The same arguments might also be carried to such employments as a carpenter or even a lifeguard on a sandy beach. The distinguishing factor, however, appears to be that employment in lumber yards is an occupation not generally recognized as producing occupational diseases such as silicosis.

*Id.* at 699.

In *General Refractories Company v. Miller,* Ky.App., 720 S.W.2d 736 (1986), this Court rejected an employer's argument that the claimant's occupational disease of pneumoconiosis was solely the result of his hazardous dust exposure at General Refractories. The employer pointed to evidence that the claimant had also worked around excavating equipment used in Eastern Kentucky. Medical experts testified that the soil in Eastern Kentucky contains silica. Consequently, the employer argued that the dust exposure from this excavation work contributed to the claimant's occupational disease.

This Court in *General Refractories v. Miller, supra,* at 737, quoted the above passage from *Broadway Rubber v. Cecil, supra,* and continued that "We are convinced that the same can be said of outdoor work around pipelines and excavating equipment. Without more convincing evidence that [sic] is present in the case, there can be no legitimate inference that the excavation work contributed at all to Miller's disability."

In the case at bar, the only medical expert to testify determined that Blake suffered from chronic obstructive pulmonary disease with underlying pneumoconiosis.

The medical expert felt that the obstructive defect was primarily due to smoking and the pneumoconiosis was a result of his exposure to inorganic dusts during his mining experience. There was no medical testimony concerning whether or not the sawdust or any other type of dust Blake was exposed to while working for Wesken Wood would cause, produce, or otherwise effect Blake's disease.

The Board found that Blake was last exposed to the hazards of his occupational disease while in the employ of Wesken Wood. The clear implication of such a finding under the language of KRS 342.-620(4) then is that this exposure would have produced or caused Blake's disease independently of any other cause. Exposure to dust at a sawmill is not generally considered to be the cause of any occupational disease. Further, the medical testimony fails to establish such exposure as a cause of Blake's occupational disease.

When the claimant prevails before the Board, the Board's findings must be supported by substantial evidence. *Wolf Creek Collieries v. Crum,* Ky.App., 673 S.W.2d 735 (1984). There is virtually no evidence to support this finding. Because any liability of the Special Fund and the Uninsured Employers' Fund is derivative of an employer's liability and no employer was properly named, *See* KRS 342.-316(1)(a), (2)(b), Blake's claim was improperly made and therefore it is unnecessary for us to consider the other issues raised on appeal. We reverse the judgment of the Crittenden Circuit Court with directions that the case be remanded to the Board for dismissal of the claim.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.