**Larry D. BEALE, Director of Special Fund, Appellant,**

v.

**W.W. CORPORATION; Michael Melton and Workers' Compensation Board, Appellees.**

No. 88–CA–1529–S.

Court of Appeals of Kentucky.

May 19, 1989.

Case Ordered Published by Court of Appeals Aug. 25, 1989.

Discretionary Review Denied by Supreme Court Oct. 11, 1989.

Cathy Utley Costelle, Special Fund, Frankfort, for appellant.

Sheila C. Lowther, Charles E. Lowther, Mills, Mitchell & Turner, Madisonville, for W.W. Corp.

Ronald K. Bruce, Madisonville, for appellee Michael Melton.

Before HAYES, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal by the Special Fund from a circuit court order remanding a claim to the Workers' Compensation Board for apportionment of liability between the Special Fund and the appellee-employer W.W. Corporation. In its initial opinion and award, the board assessed all liability for the claimant's disability against the employer.

The claimant, appellee Michael Melton, was employed by the appellee from 1977 through 1986. Melton suffered a work-related injury to his back in 1978, which resulted in an award representing 30% occupational disability. All liability for the 1978 injury was assessed against the employer. Melton underwent a spinal fusion in 1982. He sustained a subsequent work-related injury to his back in 1986. In an opinion, award and order of November 1987, the board found Melton totally occupationally disabled. The board found the claimant had a 30% preexisting active disability. Relying on *Haycraft v. Corhart Refractories Co.*, Ky., 544 S.W.2d 222 (1976), and cases following *Haycraft*, the board assessed the remaining 70% occupational disability against the employer after finding that the claimant's impairment from the 1986 injury was the result of the accident and the arousal of a work-related preexisting dormant condition.

On appeal to the circuit court, the employer persuaded the court that *Ligon Preparation Plant Co. v. Hamilton*, Ky., 482 S.W.2d 762 (1972), controlled and the claim was remanded to the board with directions to apportion a percentage of occupational disability to the Special Fund. We are not similarly persuaded that this case controls. *Hamilton* was decided prior to *Haycraft*. *Haycraft* held that a preexisting condition, or predisposition to injury, which is work related, is exempted from KRS 342.120(4) and is compensable by the employer. 544 S.W.2d at 228; *see also*

**842**

*Rapid Industries, Inc. v. Clark,* Ky.App., 715 S.W.2d 902, 903 (1986). *Haycraft* applies not only to gradual-type injuries, but also to injuries from a series of traumas. *Jones & Laughlin Steel Corp. v. Goben,* Ky.App., 600 S.W.2d 481, 482 (1980).

The employer had the burden of proof before the board to show Special Fund liability. *Kentland Elkhorn Coal Co. v. Johnson,* Ky.App., 549 S.W.2d 308, 309 (1977). If the board places all liability for a disability on the employer, the question before the appellate court becomes whether the record compels a finding of apportionment against the Special Fund, not whether such a finding was justified. *Wells v. Phelps Dodge Magnet Wire Co.,* Ky.App., 701 S.W.2d 411, 413 (1985).

The doctors testifying before the board were not in agreement in their explanations of the cause of impairment from the 1986 injury. As finder of fact, the board has the prerogative to believe parts of evidence and disbelieve other parts of evidence, even from the same witness. *Snawder v. Stice,* Ky.App., 576 S.W.2d 276, 280 (1979). Dr. Evans testified that the claimant did not have much dormant disability, but that the increase in impairment was due to the "culmination of the residuals" from the 1978 injury, 1982 spinal fusion, and 1986 injury added to the claimant's actively disabled back. Dr. Patrick testified that the 1986 injury caused a 10% impairment, split equally between the injury and the arousal of a dormant degenerative disease. Dr. Patrick was not asked to elaborate on the cause of the degenerative condition. Dr. West opined that the claimant's work "at the very least ... didn't help" the degenerative condition. As pointed out in *Snawder v. Stice,* 576 S.W.2d at 280, there is a vast difference between what the board is free to do and what it is compelled to do. Based upon the evidence, we cannot say that the board was compelled to apportion liability upon the Special Fund.

The circuit court judgment is reversed and the workers' compensation opinion, award and order of November 2, 1987, as modified by the board's November 23, 1987, order is reinstated.

All concur.