NATIONAL HEALTH LABORATORY, INC., Appellant

v.

Katherine Ruth HUNT, Special Fund; George S. Schuhmann, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–CA–000697–WC.

Court of Appeals of Kentucky.

Jan. 27, 1995.

Ordered Published March 24, 1995.

firming the Administrative Law Judge's (ALJ) Opinion finding Katherine Ruth Hunt (Hunt) totally disabled by the occupational disease, Hepatitis B, and apportioning all liability to National. National maintains that pursuant to KRS 342.316(10)(a), the Special Fund should have been found liable for 40% of the award. We disagree and therefore affirm the opinion of the Board.

National never properly questioned the ALJ's finding that Hepatitis B is an occupational disease, as opposed to an injury.[1] There is also no doubt that Hunt contracted the disease while employed by National, that is, within five years of exposure to the disease. Thus, the only question is whether the Special Fund has any liability for compensation for occupational diseases, other than pneumoconiosis, which developed to the point of disability after an exposure of fewer than five years.

Special Fund liability is statutorily imposed, and the burden of proving Special Fund liability rests on the employer. *Kentland Elkhorn Coal Co. v. Johnson*, Ky.App., 549 S.W.2d 308 (1977). KRS 342.316(10)(a), the operative statute, states, in pertinent part:

[T]he employer liable for compensation for occupational diseases, other than silicosis or any other compensable pneumoconiosis, which developed to the point of disability only after an exposure of five (5) or more years, ... shall be the employer in whose employment the employee was last exposed to the hazard of such occupational disease.... In all other cases of occupational diseases, other than silicosis or any other compensable pneumoconiosis, which developed to the point of disability only after an exposure of five (5) or more years, ... the compensation for disability or death due to such diseases shall be paid jointly by the employer and the special fund, and the employer shall be liable for sixty percent (60%) of the compensation due and the special fund shall be liable for

Mary Ross Terry, Louisville, for appellant.

Angeline B. Golden, Louisville, for appellee, Special Fund.

Jack L. Richardson, IV, Louisville, for appellee, Katherine Ruth Hunt.

Before EMBERTON, MILLER and SCHRODER, JJ.

SCHRODER, Judge:

National Health Laboratory, Inc. (National) petitions for review of a decision of the Workers' Compensation Board (Board), af-

---

**1.** We believe the ALJ was correct in considering Hepatitis B an occupational disease and not an injury, despite the rigid tests Kentucky has hereinbefore used.

forty percent (40%) of the compensation due.

▪ The key words are "which developed to the point of disability only after an exposure of five (5) or more years." Hunt's occupational disease did not develop to the point of disability only after an exposure of at least five years. It was conclusively established, and not contested, that she developed Hepatitis B after seven to ninety days of exposure. She worked for National during the entirety of this time. Thus, the statute is not applicable.

▪ Nor is there any policy reason for placing liability on the Special Fund. The role of the Special Fund is as a so-called second-injury fund. Employers are encouraged to hire workers who have either suffered an injury or contracted an occupational disease, while employed by someone else, because, if the prior injury or disease should become disabling, the Special Fund defrays the cost to the subsequent employer by compensating the injured worker commensurately. This purpose will not be served in the case *sub judice* because only National exposed Hunt to the disease she contracted. Consequently, we decline to interpret the statute so as to make the Special Fund liable for occupational diseases developed in fewer than five years from the date of exposure. Accordingly, the Board's decision is affirmed.

All concur.